IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL NO. 06-00266 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| EARL MASAKI KAGEYAMA, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S
MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS
STATE SAVINGS AND LOAN ASSOCIATION AND DISCOVER BANK**

Before the Court is Plaintiff United States of
America's ("the Government") Motion for Default Judgment Against
Defendants State Savings and Loan Association and Discover Bank
("Motion"), filed February 16, 2007.  Neither Defendant State
Savings and Loan Association ("SS&L") nor Defendant Discover Bank
("Discover") responded to the Motion.  Defendant Earle Masaki
Kageyama's ("Kageyama"), Defendant Shari Emi Higa ("Higa"),
Defendant State of Hawai`i Department of Taxation ("the State"),
and Defendant Kathleen Suzu Kageyama ("K. Kageyama") have
appeared in this case, but did not respond to the instant Motion.
This matter came on for hearing on March 29, 2007, with
Jeremy Hendon, Esq., appearing by telephone on behalf of the
Government, and Kristie Cruz Chang, Esq., appearing on behalf of
the State.  After careful consideration of the Motion, supporting
documents, and the relevant legal authority, this Court HEREBY

FINDS and RECOMMENDS that the Government's Motion be GRANTED for the reasons set forth below.

### BACKGROUND

On May 15, 2006, the Government filed the instant Complaint, seeking to: 1) reduce Kageyama's federal income tax liabilities to judgment; and 2) to foreclose the tax liens on a parcel of residential property in Honolulu owned by Kageyama and his sister, Higa, as tenants in common ("the Property").  Each hold a one-half interest in the Property.

On or about December 29, 2004, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien against all property owned by Kageyama, including the Property, based on Kageyama's unpaid taxes for the years 2001 to 2003.  [Complaint at ¶¶ 13, 18-19.]  SS&L filed a mortgage lien against the Property on or about June 2, 1967.  On or about December 15, 2004, the State filed a lien against the Property based on Kageyama's unpaid state taxes.  On or about February 28, 2005, Discover filed a judgment lien against the Property based on a February 18, 2005 judgment it obtained against Kageyama.  On or about April 12, 2005, K. Kageyama filed a judgment lien against the Property based on a January 24, 2005 judgment against Kageyama.  [Id. at ¶¶ 23-26.]  The Government alleges that the IRS lien takes priority over the other liens and that the IRS is entitled to sell the Property to enforce its lien.  [Id. at ¶¶

2

27-28.]

On August 11, 2006 this Court issued an order authorizing the Government to serve SS&L via publication. The Court held a hearing on the October 17, 2006 return date, but no one appeared on behalf of SS&L. Further, SS&L has not filed an answer or other responsive pleading, nor has it appeared in this case. The Clerk of the Court entered default against SS&L on February 9, 2007.

The Government sent Discover a form for the waiver of service of the Complaint and Summons on June 7, 2006. Discover waived service and had until August 7, 2006 to file its responsive pleading. The Government filed the waiver on July 17, 2006. Discover has not filed an answer or other responsive pleading, nor has it otherwise appeared in this case. The Clerk of the Court entered default against Discover on February 13, 2007.

The Government filed the instant Motion on February 16, 2007. The default judgment would extinguish any interest that SS&L and Discover have in the Property. The Government argues that the merits of its claim and the sufficiency of the Complaint weigh in favor of issuing default judgment. [Mem. in Supp. of Motion at 7-8.]

Congress has authorized the IRS to collect outstanding tax liabilities. Pursuant to 26 U.S.C. § 7403(a), where the

taxpayer refuses or neglects to pay his federal taxes, the United
States can bring a civil action in federal court to enforce a tax
lien or to subject the taxpayer's property to the payment of such
federal taxes.  Section 7403(b) requires the United States to
name as defendants all persons who have an interest in, or a lien
upon, the property at issue.  Section 7403(c) provides that,
after all parties have been notified of the action, the court
shall determine the merits of all claims to and liens upon the
property.  Where the United States establishes its interest in
the property, the court can direct a sale of the property.  [Id.
at 8-9.]

          The Government argues that it has complied with the
statutory requirements and that it is entitled to foreclosure of
its tax lien and a sale of the Property.  The Government asserts
that the proceeds from the sale should be disbursed first for the
costs of the sale, and then to the Government, Higa, SS&L, the
State, Discover, and K. Kageyama, according to their relative
priorities, assuming that there are outstanding amounts on their
respective claims or liens.  According to the Government, Higa
does not contest the Government's entitlement to foreclose its
lien and conduct a judicial sale.  [Id. at 9-11.]

          The Government argues that it would be prejudiced if
SS&L's and Discover's liens are not extinguished.  If those liens
are in force at the time of the judicial sale, the liens may

4

prevent potential buyers from purchasing the Property, or may
drive down the sale price.  The Government argues that the
potential prejudice to it, and to the other parties, weighs in
favor of granting default judgment.  The Government notes that it
is not seeking damages against SS&L or Discover and that the
extinguishment of their liens will not affect the amounts
Kageyama owes them.  The Government therefore argues that the
amount at issue also weighs in favor of granting default
judgment.  The Government contends that default judgment is also
warranted because there is no possibility of a dispute over the
material facts in this case.  The factual allegations of the
Complaint are presumed to be true and SS&L and Discover have
never appeared in this case.  [Id. at 11-12.]

        The Government also argues that default judgment is
appropriate because SS&L's and Discover's defaults were not the
result of excusable neglect.  Despite the fact that Discover
agreed to waive service of the Complaint and Summons and six
months have passed since its answer was due, Discover has never
filed a response to the Complaint.  Discover had knowledge of the
proceedings but failed to respond and there is nothing in the
record indicating that this was the result of excusable neglect.
[Id. at 12-13.]  Similarly, over four months have elapsed since
the return date on the service by publication for SS&L and it has
not responded.  The Government argues that this makes it unlikely

that the default was the result of excusable neglect.  Further,
insofar as SS&L originally filed the lien in 1967, there is a
good chance that the mortgage has already been satisfied, even
though the lien was never officially released.  More importantly,
SS&L ceased operations in 1985 due to financial difficulties and
no new institution resumed SS&L's operations.  The Government
argues that it is unlikely that any party will ever come forward
to litigate SS&L's interest in the Property.  [Id. at 13–14.]

Finally, the Government acknowledges that there is
strong policy favoring decisions on the merits, but the
Government argues that SS&L and Discover had ample opportunity to
respond and failed to do so.  It would be unfair to penalize the
other parties by jeopardizing the sale of the Property.  [Id. at
14–15.]  The Government therefore argues that all of the relevant
factors weigh in favor of granting default judgment.

## DISCUSSION

"'The general rule of law is that upon default the
factual allegations of the complaint, except those relating to
the amount of damages, will be taken as true.'"  TeleVideo Sys.,
Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting
Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).
However, a plaintiff who obtains a entry of default is not
entitled to default judgment as a matter of right.  See Warner
Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D.

Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and
> (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  The Government has diligently litigated the instant case and it will be prejudiced if SS&L's and Discover's liens are not extinguished. The Court also finds that the Complaint sufficiently alleges substantive claims which concern a significant amount of money. Further, in light of the fact that SS&L has never appeared in this case and Discover only appeared to waive service of the Complaint and Summons, there is no possibility of a dispute over

7

the material facts and there is no indication that their defaults were due to excusable neglect.  This Court therefore finds that factors (1) through (6) weigh in favor of granting the Motion. The only factor that weighs against granting the Motion is the strong policy favoring decisions on the merits.  Having considered all of the relevant factors, this Court FINDS that default judgment against SS&L and Discover is warranted.  This Court therefore RECOMMENDS that the district judge issue judgment in favor of the Government and against SS&L and Discover and that the judgment extinguish SS&L's and Discover's liens on the Property.

**CONCLUSION**

On the basis of the foregoing, this Court HEREBY FINDS and RECOMMENDS that the Government's Motion for Default Judgment Against Defendants State Savings and Loan Association and Discover Bank, filed February 16, 2007, be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, April 6, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**USA V. EARLE KAGEYAMA, ET AL; CIVIL NO. 06-00266 SPK-LEK; FINDINGS AND RECOMMENDATION TO GRANT THE GOVERNMENT'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS STATE SAVINGS AND LOAN ASSOCIATION AND DISCOVERY BANK**